Citation Nr: 1619683 
Decision Date: 05/16/16 Archive Date: 05/27/16

DOCKET NO. 14-09 922 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to service connection for residuals of a traumatic brain injury (TBI). 


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

Ashley Castillo, Associate Counsel







INTRODUCTION

The Veteran served on active duty from April 1966 to May 1968. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Los Angeles, California.

In June 2015, the Veteran presented sworn testimony during a video-conference hearing before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the claims file.

In a May 2014 statement, the Veteran's former representative unilaterally withdrew representation. A March 2016 Board letter informed the Veteran of his opportunity to appoint another representative before proceeding appellate review of his appeal. See 38 C F R. § 14 631(c). In a March 2016 correspondence, the Veteran responded that he wishes to proceed with his appeal as pro se. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran claims that his residuals of a TBI are due to his military service. Specifically, he reports that he incurred a concussion during an automobile accident in service. See VA psychological evaluation report dated January 2012. He asserts that since his in-service automobile accident, he has experienced short term memory loss, headaches, cognitive defects, and an acquired physiatric disability. See Board hearing transcript dated June 2015 and VA examination report dated December 2011. Additionally, he contends that since in-service concussion, he has suffered three additional TBIs with loss of consciousness and a coma. 
The Veteran's service treatment records (STRs) reveal that he was involved in an automobile accident and sustained multiple injuries, including facial lacerations; however, there is no documentation of a head injury. See STRs dated June 1968. 

Post-service treatment records reveal that the Veteran was diagnosed with TBI secondary to a motor vehicle accident that occurred in 2008. See, e.g., Robert Ballard Rehabilitation Hospital records dated September 2008. 

The Board notes that the Veteran has been afforded several VA examinations and opinions that discuss his TBI, cognitive impairment, and psychiatric disabilities. See, e.g., VA examination reports dated December 2011 and January 2012. Notably, VA opinions and an August 2013 VA treatment report conclude that the Veteran sustained a TBI during his military service. However, these opinions do not provide a rationale and one opinion, in particular, is contradictory. For instance, the December 2011 VA examiner stated that the Veteran's TBI occurred during service; then the examiner stated that the Veteran's TBI did not occur during service. See, e.g, VA examination report dated December 2011. 

Moreover, there has not been a clear opinion with an adequate rationale that addresses whether the Veteran's current residuals of a TBI are related to his military service, to include as due to his in-service automobile accident. For an example, in a February 2012 VA mental disorder disability benefits questionnaire, a VA physician opined that the Veteran's current cognitive impairment is less likely than not related to his military service. The VA physician reasoned that the Veteran's cognitive impairment is "predominantly caused by the TBIs that occurred after" service and that "[i]t is known that previous traumatic brain injuries can predispose to development of more severe impairment with any subsequent traumatic brain injuries and the original traumatic brain injury that occurred is not insignificant and likely in some ways contribute to the veteran's current cognitive difficulties." 

In sum, although the February 2012 physician opined that the Veteran's current cognitive impairment was not related to his military service, the physician's rationale suggests that an earlier head injury (in-service TBI?) is a potential risk factor for the development of his cognitive impairment. 
Lastly, the Veteran has asserted that following his in-service automobile accident in June 1968, he was hospitalized for two months at the 97th General Army Hospital located in Frankfurt, Germany. However, the Veteran's claims file does not indicate that the AOJ made an attempt to obtain such records. Therefore, upon remand, such should be accomplished. 

Accordingly, the case is REMANDED for the following action:

1. Contact the appropriate records custodians to obtain the Veteran's hospital records from the 97th General Army Hospital in Frankfurt, Germany dated from June 1968 through August 1968. If said records cannot be obtained, provide the Veteran with specific notice of the unavailability of these records pursuant to 38 C.F.R. § 3.159(e)(1). All such available records should be associated with the Veteran's claims file.

2. Obtain records of treatment that the Veteran may have received at any VA health care facility since February 2014. All such available documents should be associated with the claims file.

3. Then, refer the claims file to a physiatrist, psychiatrist, neurosurgeon, or neurologist or other clinician who has successfully completed the requisite TBI training module, to obtain an opinion regarding the nature and etiology of any current TBI residuals. 

The specialist is requested to opine whether it is at least as likely as not (50 percent probability or greater) whether any current TBI residuals had their clinical onset during military service or are otherwise related to service, including as due to the in-service automobile accident. See STRs dated June 1968. 

The specialist is advised that the Veteran is competent to report the symptoms that he suffered as a result, and that the absence of contemporaneous medical evidence in the service treatment records should not be a basis for discounting the Veteran's reports.

If deemed necessary, an examination should be accomplished and its findings reported. A comprehensive rationale should accompany any opinion provided

4. Thereafter, readjudicate the issue on appeal. If the benefit sought on appeal remains denied, provide the Veteran and his representative with a Supplemental Statement of the Case and afford them a reasonable opportunity to respond. Then return the case to the Board for further appellate review, if otherwise in order. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action 

must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252, only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b).